IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America f/u/b<br>THE LANE CONSTRUCTION<br>CORPORATION, d/b/a<br>SENATE ASPHALT, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAM V. WALSH CONSTRUCTION<br>CO., INC., et al.<br><br>    Defendants. | Case No.   1:07-cv-1576 |

### AMENDED COMPLAINT FOR MONEY DAMAGES

United States of America f/u/b The Lane Construction Corporation d/b/a Senate Asphalt and Senate Asphalt Company ("Lane"), the Plaintiff herein, for its cause of action against the Defendants, states as follows:

### PARTIES

1. The Lane Construction Corporation ("Lane") or ("Plaintiff"), is a Connecticut corporation with its principal place of business in Meriden, Connecticut. Lane operates a paving division in the District of Columbia under the name Senate Asphalt.

2. William V. Walsh Construction Co., Inc. ("Walsh") is a Maryland corporation with its principal place of business in Rockville, Maryland.

3. St. Paul Fire and Marine Insurance Company ("Surety" or "St. Paul") is a corporation which is engaged in the business of writing bonds and undertakings for construction projects including projects in the District of Columbia. St. Paul is a Minnesota corporation with its principal place of business in St. Paul, Minnesota.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction of this action is founded upon 40 USC § 3131, et seq. and alternatively on 28 U.S.C. § 1332, the parties being citizens of different states and the matter in controversy exceeding the sum of $75,000.00

5. The project referenced herein and the claims specified herein were located or arose wholly within the District of Columbia.

## GENERAL ALLEGATIONS

6. Lane is a road builder and paving contractor which operates in the District of Columbia and elsewhere.

7. Walsh is a general contractor and was the principal on the bonds written by St. Paul which are the subject of these proceedings.

8. Upon information and belief, McKissack & McKissack of Washington, Inc. ("McKissack") contracted with the United States of America through the Department of the Interior/National Park Service to perform certain construction management and design work in connection with the security and preservation of the Jefferson Memorial, contract # 144 3C 3059020904 ("the Project").

9. McKissack hired Walsh to be the general contractor on the project and to provide a bond for the project. Walsh subcontracted a portion of its work under its contracts to Lane, including certain asphalt paving work as more particularly described in the contract between Lane and Walsh, attached to the original Complaint previously filed herein as **Exhibit A.**

10. Upon information and belief, pursuant to the Act of Congress, approved August 24, 1935, as amended, the Defendant Walsh as principal, and the Defendant St. Paul as surety, duly executed a payment bond to satisfy obligations under the Miller Act to the United States of America, whereby they bound themselves jointly and severally up to the penal sum specified in the bond conditioned that if the principal should promptly make payment to all persons supplying labor and materials in the prosecution of the work provided in the contract, and any subsequent modifications thereof, notice of which modifications to the surety being waived, then the obligation to be void; otherwise to remain in full force and effect. The designated bond number on the bond was 400SU0997 and a copy thereof was attached to the original Complaint previously filed herein as **Exhibit B**.

11. The bond was modified to include McKissack as an obligee on the bond pursuant to a dual obligee rider attached to the bond.

12. The bond was accepted by the United States of America, and upon such acceptance, the contract for the construction and completion of the Project was awarded to McKissack and/or Walsh.

13. Walsh, and St. Paul provided the payment bond on the Project wherein they bound themselves jointly and severely to make payment to claimants under the bond. Lane is a proper claimant and has fulfilled all requirements under the bond.

14. By letter dated August 21, 2007, which supplemented a letter dated June 25, 2007, Lane notified St. Paul and McKissack that Walsh was indebted to Lane in the amount of $560,050.44 for work performed pursuant to the subcontract and of its claim on the payment bond.

15.     Subsequent to this notice and Lane's filing of a Complaint in this Court, Walsh tendered checks totaling $342.288.00 to Lane; which, when cleared will still leave a balance of $217,762.44 still owed.

## COUNT I

(Breach of Contract – Walsh)

16.     The allegations of paragraphs 1-15 are incorporated herein by reference.

17.     Lane and Walsh entered into a subcontract agreement to provide milling and paving work on the Project.  Walsh breached the subcontract agreement by failing to pay for work as and when due, and/or failing to properly administer the contract and properly process change order requests.

18.     A reasonable time has passed without Walsh paying Lane for the work performed pursuant to the subcontract and all conditions precedent to payment have been waived and/or prevented by the acts of Defendants.

19.     As a result of Walsh's failure to pay Lane for the work performed, Lane has incurred and sustained loss, cost and damage in the amount of $217,762.44, for which sum Walsh is liable.

## COUNT II

(Payment Bond – St. Paul and Walsh)

20.     The allegations of paragraphs 1-19 are incorporated herein by reference.

21.     St. Paul, as surety, and Walsh, as principal, issued labor and material payment bond number 400SU0997 ("the Bond") securing payment to subcontractors and suppliers

providing labor and material to the Project for which McKissack had a contract with the Department of the Interior/National Park Service.

22. Pursuant to its subcontract with Walsh, Lane provided and furnished milling and paving work on the Project as specified in its invoices and agreement with Walsh, and otherwise satisfied all conditions and requirements for payment.

23. Lane has not been paid the agreed upon amount for furnishing the work and there is an amount due and outstanding on the contract of $217,762.44 together with interest and attorneys fees as set forth in the contract.

24. Walsh and St. Paul have breached their obligations to Lane under the contracted Bond by failing to pay the balance due pursuant to the contract.

25. More than ninety (90) days has elapsed since the date on which Lane last performed labor or supplied material to the Project.

26. Less than one (1) year has elapsed since Walsh and Lane ceased work on the Project.

27. Lane is a proper claimant under the terms of the Bond and has given all notices, if any, required under the Bond or applicable statute.

28. All conditions precedent to the filing of this suit have been fulfilled except to the extent that same may have been waived, prevented or excused by the actions of Defendants.

29. The amount justly due to Lane for labor and materials supplied to Walsh on the Project is $217,762.44, plus interest and attorneys fees.

30. Lane made demand upon Walsh to pay the amount due pursuant to the terms of the Bond, but Walsh has failed and refused to make payment.

WHEREFORE, Plaintiff, The Lane Construction Corporation d/b/a Senate Asphalt, respectfully requests that this Court enter judgment in its favor against Defendants William V. Walsh Construction Co., Inc. and St. Paul Fire and Marine Insurance Company jointly and/or severally in the amount of $217,762.44 together with interest thereon, attorneys fees, and costs of these proceedings.

Respectfully submitted,

_____
Stephen J. Annino, DC 390252
KASIMER & ANNINO, P.C.
7653 Leesburg Pike
Falls Church, Virginia 22043
(703) 893-3914 Phone
(703) 893-6944 Fax

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2007, a copy of the foregoing was sent via the ECF system and by U.S. Mail to:

Nicole L. Campbell
Huddles Jones Sorteberg & Dachille, P.C.
10211 Wincopin Circle, Suite 200
Columbia, Maryland 21044
(301) 621-4120 (phone)
(301)621-4473 (fax)
campbell@hjpc.com

_____
Stephen J. Annino